## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| TRICIA BASCH, | | ) |
| | Plaintiff | ) |
| | | ) |
| V | | ) |
| | | ) |
| KNOLL, INC.,  a foreign | | ) |
| Corporation, and | | ) |
| KNOLL GROUPS, INC., | | ) |
| A domestic corporation, | | ) |
| | Defendants. | |

_____/

LAW OFFICES JEFFREY S. BURG, ESQ.
Jeffrey S. Burg , Esq.  (P38381)
Attorney for Plaintiff
29777 Telegraph Road, Ste. 2447
Southfield, Michigan 48034
(248) 864-4367
(248) 856-1258 fax
jburg@comcast.net
_____/

## COMPLAINT AND DEMAND FOR JURY

Plaintiff,  by her attorney, Jeffrey S. Burg, Esq.,complains as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. This action is authorized and instituted pursuant to the anti-discrimination and anti-retaliation provisions of the Americans with Disabilities Act ("ADA"), 42 USC § 12117 and 42 USC §12203, by the Family and Medical Leave Act of 1993, 29 USC §2617(a)(2) (the "FMLA"), and by Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e et seq and 42 USC 2000e(5)(E)(3) (Title VII).

2. This Court's supplemental jurisdiction is invoked for violations of the Michigan Persons with Disabilities Civil Rights Act ("PDCRA"), MCL § 37.1201 et seq., and the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), MCL §37.2101 et seq.

3. The actions alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Michigan.

## PARTIES

4. Plaintiff, Tricia Basch, is a female citizen of the United States, and a resident of the State of Michigan.

5. At all relevant times, Defendants, KNOLL, INC., has continuously conducted business in the State of Michigan, County of Muskegon, and has continuously had at least 50 employees.

6. At all relevant times, Defendants, KNOLL GROUPS, INC., has continuously conducted business in the State of Michigan, County of Muskegon, and has continuously had at least 50 employees.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Prior to the institution of this lawsuit, Plaintiff filed a timely administrative claim jointly with the EEOC and the Michigan Department of Civil Rights, and received a right to sue notice, a copy of which is attached as Exhibit A to this Complaint. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

8. Plaintiff was employed by Defendants from February 2, 1998 to November 11, 2011, 2008, and was working in Defendants' paint lines department as a coordinator at the time her employment was terminated.

9. Throughout her employment Plaintiff performed her duties in a manner that met or exceeded all reasonable requirements of her position.

10. Throughout her employment Plaintiff suffered various job-related and non-job related injuries and illnesses and required medical leave on different occasions.

11. In December, 2009, Plaintiff requested and received FMLA intermittent leave status as treatment for a condition of job-related anxiety disorder.

12. In or about December, 2010, Plaintiff suffered a job-related hand and wrist injury and requested in writing an accommodation to be able to continue working and to avoid further injury. Defendants denied Plaintiff her requested accommodation.

13. In January, 2011, Plaintiff had surgery to address carpal tunnel syndrome in her right hand and was on medical leave for several weeks.

14. In January and February, 2011, Plaintiff availed herself of benefits under the workers compensation statute.

15. In June, 2011, Plaintiff requested and received leave under FMLA.

16. In August, 2011, Plaintiff requested and received further leave under FMLA.

17. After August, 2011, Defendants, through their agents, treated Plaintiff harshly and differently from others who had not filed for FMLA leave, who had not received workers compensation benefits, who did not have a qualified disability, who were male and who were younger than Plaintiff, including but not limited to in the following ways:

   a. Scrutinizing Plaintiff's work excessively and unfairly;

   b. Refusing Plaintiff the same training provided to others;

   c. Not allowing Plaintiff to rotate among jobs, as allowed others;

   d. Not allowing Plaintiff the opportunity for overtime, as allowed others;

   e. Not allowing Plaintiff to use the restroom without scrutiny and suspicion;

   f. Speaking harshly to Plaintiff and using obvious dismissive and disrespectful body language towards Plaintiff;

   g. Discharging Plaintiff for alleged insubordination where none had occurred, and where others had clearly been insubordinate and were not disciplined in any manner.

18. Throughout the last several months of Plaintiff's employment Plaintiff complained to Defendants that the treatment she was receiving was discriminatory and retaliatory.

19. Plaintiff is informed and believes that the adverse employment actions she experienced, as alleged in paragraphs 17 a-g, were intentional, were done with malice or with reckless indifference to Plaintiff's rights, and were taken because she was perceived by

4

Defendants as disabled due to her wrist and hand condition, because of her job-protected FMLA leaves of absence, because of her gender and age, and because she complained about discrimination.

## COUNT I
### (ADA Discrimination Claim)

20. Plaintiff repeats the preceding allegations.

21. To the extent the adverse employment actions identified in paragraphs 17 a-g were motivated by Defendants' perception that Plaintiff was disabled, Defendants have engaged in unlawful employment discrimination in violation of 42 USC §12112.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

A. Order Defendants to make Plaintiff whole, by providing appropriate attorney fees resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

B. Order Defendants to make Plaintiff whole, by providing compensation for past and future pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

C. Order Defendants to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

D. Order Defendants to pay Plaintiff punitive damages for its malicious or reckless conduct described above, in amounts to be proven at trial.

E. Grant such further relief as the Court deems necessary and proper.

F. Award Plaintiff costs of this action.

## COUNT II
### (ADA Retaliation Claim)

22. Plaintiff repeats the preceding allegations as though fully set forth herein.

23. To the extent the adverse employment actions identified in paragraphs 17 a-g were motivated by Plaintiff complaining of ADA discrimination, Defendants have engaged in unlawful employment discrimination in violation of 42 USC §12203.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

A. Order Defendants to make Plaintiff whole, by providing appropriate attorney fees resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

B. Order Defendants to make Plaintiff whole, by providing compensation for past and future pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

C. Order Defendants to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

D. Order Defendants to pay Plaintiff punitive damages for its malicious or reckless conduct described above, in amounts to be proven at trial.

E. Grant such further relief as the Court deems necessary and proper.

F. Award Plaintiff costs of this action.

## COUNT III
### (PDCRA Discrimination Claim)

24. Plaintiff repeats the preceding allegations as though fully set forth herein.

25. To the extent the adverse employment actions identified in paragraphs 17 a-g were motivated by Plaintiff's perceived disabilities, Defendants have engaged in unlawful employment discrimination in violation of MCL §37.1202.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

A. Order Defendants to make Plaintiff whole, by providing appropriate attorney fees resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

B. Order Defendants to make Plaintiff whole, by providing compensation for past and future pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

C. Order Defendants to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

D. Order Defendants to pay Plaintiff punitive damages for its malicious or reckless conduct described above, in amounts to be proven at trial.

E. Grant such further relief as the Court deems necessary and proper.

F. Award Plaintiff costs of this action.

## COUNT IV
### (PDCRA Retaliation Claim)

26. Plaintiff repeats the preceding allegations as though fully set forth herein.

27. To the extent the adverse employment actions identified in paragraphs 17 a-g were motivated by Plaintiff complaining of PDCRA discrimination, Defendants have engaged in unlawful employment discrimination in violation of MCL §37.1602.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court:

A. Order Defendants to make Plaintiff whole, by providing appropriate attorney fees resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

B. Order Defendants to make Plaintiff whole, by providing compensation for past and future pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

C. Order Defendants to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

D. Order Defendants to pay Plaintiff punitive damages for its malicious or reckless conduct described above, in amounts to be proven at trial.

E. Grant such further relief as the Court deems necessary and proper.

F. Award Plaintiff costs of this action.

**COUNT V**
**(ELCRA Discrimination Claim)**

28. Plaintiff repeats the preceding allegations as though fully set forth herein.

29. To the extent the adverse employment actions identified in paragraphs 17 a-g were motivated by Plaintiff's gender, Defendants have engaged in unlawful employment discrimination in violation of MCL §37.2202.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court:

A. Order Defendants to make Plaintiff whole, by providing appropriate attorney fees resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

B. Order Defendants to make Plaintiff whole, by providing compensation for past and future pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

C. Order Defendants to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

D. Order Defendants to pay Plaintiff punitive damages for its malicious or reckless conduct described above, in amounts to be proven at trial.

E. Grant such further relief as the Court deems necessary and proper.

F. Award Plaintiff costs of this action.

**COUNT VI**
**(ELCRA Retaliation Claim)**

30. Plaintiff repeats the preceding allegations as though fully set forth herein.

31. To the extent the adverse employment actions identified in paragraphs 17 a-g were motivated by Plaintiff complaining of ELCRA discrimination, Defendants have engaged in unlawful employment discrimination in violation of MCL §37.2701.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court:

A. Order Defendants to make Plaintiff whole, by providing appropriate attorney fees

resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

B. Order Defendants to make Plaintiff whole, by providing compensation for past and future pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

C. Order Defendants to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

D. Order Defendants to pay Plaintiff punitive damages for its malicious or reckless conduct described above, in amounts to be proven at trial.

E. Grant such further relief as the Court deems necessary and proper.

F. Award Plaintiff costs of this action.

## Count VII
## (FMLA Claim)

32. Plaintiff repeats the preceding allegations as though fully set forth herein.

33. To the extent the adverse employment actions identified in paragraphs 17 a-g were motivated by Plaintiff's exercise of her right to a take job protected FMLA leave, Defendants have engaged in unlawful employment discrimination and/or retaliation in violation of Section 105 (a)(2) of the FMLA, 29 USC §2615(a)(2).

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

A. Order Defendants to make Plaintiff whole, by providing appropriate attorney fees resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

10

B. Order Defendants to make Plaintiff whole, by providing compensation for past and future pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

C. Order Defendants to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

D. Order Defendants to pay Plaintiff punitive damages for its malicious or reckless conduct described above, in amounts to be proven at trial.

E. Grant such further relief as the Court deems necessary and proper.

### Count VIII
### (ELCRA Age Claim)

34. Plaintiff repeats the preceding allegations as though fully set forth herein.

35. The Plaintiff, as alleged above, has been discriminated against in violation of MCL §37.2101, et seq., in that the above adverse employment actions constituted unlawful discrimination on the basis of age.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

A. Order Defendants to make Plaintiff whole, by providing appropriate attorney fees resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

B. Order Defendants to make Plaintiff whole, by providing compensation for past and future pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

11

C. Order Defendants to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

D. Order Defendants to pay Plaintiff punitive damages for its malicious or reckless conduct described above, in amounts to be proven at trial.

E. Grant such further relief as the Court deems necessary and proper.

## Count IX
### (Title VII gender claim)

36. Plaintiff repeats the preceding allegations as though fully set forth herein.

37. The Plaintiff, as alleged above, has been discriminated against in violation of MCL §37.2101, et seq., in that the above adverse employment actions constituted unlawful discrimination on the basis of gender.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

A. Order Defendants to make Plaintiff whole, by providing appropriate attorney fees resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

B. Order Defendants to make Plaintiff whole, by providing compensation for past and future pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

C. Order Defendants to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the adverse employment actions alleged above with

prejudgment interest, in amounts to be determined at trial.

D. Order Defendants to pay Plaintiff punitive damages for its malicious or reckless

conduct described above, in amounts to be proven at trial.

E. Grant such further relief as the Court deems necessary and proper.

LAW OFFICES JEFFREY S. BURG, ESQ.

/s/ Jeffrey S. Burg

_____
Jeffrey S. Burg (P38381)
Attorney for Plaintiff
29777 Telegraph Road, Ste. 2447
Southfield, Michigan 48034
(248) 864-4367
(248) 856-1258 fax
Dated:  January 24, 2013                    jburg@comcast.net

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by her complaint.

LAW OFFICES JEFFREY S. BURG, ESQ.

/s/ Jeffrey S. Burg

_____
Jeffrey S. Burg (P38381)
Attorney for Plaintiff
29777 Telegraph Road, Ste. 2447
Southfield, Michigan 48034
(248) 864-4367
(248) 856-1258 fax
Dated:  January 24, 2013                    jburg@comcast.net