UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRICIA BASCH,

       Plaintiff,

                                    File No. 1:13-CV-76

v.

                                    HON. ROBERT HOLMES BELL

KNOLL, INC.,

       Defendant.
                                   /

**O P I N I O N**

      This matter is before the Court on Defendant Knoll, Inc.'s motion for sanctions. Defendant seeks sanctions against Plaintiff Tricia Basch and/or her attorney, Jeffrey S. Burg, under Rule 11 for filing frivolous pleadings and under 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying the proceedings. (ECF No. 46.)

**I.**

      Plaintiff's complaint asserted nine claims of discrimination and retaliation based on disability, gender, age, and the Family Medical Leave Act ("FMLA"). On November 22, 2013, at the close of discovery, Defendant sent Plaintiff a safe-harbor letter and a proposed motion for Rule 11 sanctions, demanding that Plaintiff withdraw her complaint. *See* Fed. R. Civ. P. 11(c)(2); *Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 1997) (discussing safe harbor provision). Plaintiff did not withdraw her complaint, nor did she withdraw any of her individual claims. Defendant subsequently filed a motion for summary judgment on

all nine claims. In response, Plaintiff only defended her claim under the FMLA. With respect to her eight remaining claims alleging disability, gender, and age discrimination and retaliation under federal and state law, Plaintiff stated that she did not abandon her arguments, but was unable to complete them at that time. She further asserted that she would move for leave to supplement her brief. (Pl. Resp. 14, ECF No. 40.) The Court had previously granted Plaintiff two extensions of time to respond to Defendant's motion and had indicated that no further extensions would be granted. (Pl. Resp. 14, ECF No. 40; Orders, ECF Nos. 36, 39.) Plaintiff never did move to supplement her response to Defendant's motion for summary judgment, and the Court ultimately found that Defendant was entitled to summary judgment on all nine of Plaintiff's claims. (Op. & Order, ECF Nos. 59, 60.) Plaintiff only appealed the ruling with respect to her FMLA retaliation claim, and that ruling was affirmed on appeal. *Basch v. Knoll, Inc.*, No. 14-2401 (6th Cir. July 21, 2015) (slip op.); (ECF No. 67.)

## II.

Defendant has requested sanctions against Plaintiff and/or her attorney under Rule 11 and under 28 U.S.C. § 1927.

Sanctions may be imposed under Rule 11 if "a reasonable inquiry discloses the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *Merritt v. Int'l Ass'n of*

2

*Machinists & Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010) (quoting *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir.1988)).[1] The standard for determining whether to impose sanctions is one of objective reasonableness. *Montell v. Diversified Clinical Servs., Inc.*, 757 F.3d 497, 510 (6th Cir. 2014). Rule 11 "imposes on litigants a 'continuing duty of candor,' and a litigant may be sanctioned 'for continuing to insist upon a position that is no longer tenable.'" *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 395 (6th Cir. 2009) (quoting *Ridder*, 109 F.3d at 293)). "[T]he plaintiff is impressed with a continuing responsibility to review and reevaluate his pleadings and where appropriate modify them to conform to Rule 11." *Merritt*, 613 F.3d at 626 (quoting *Runfola & Assocs.,*

---

[1] Rule 11 provides in pertinent part:

By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

*Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 374 (6th Cir. 1996)).

>Defendant has also requested sanctions pursuant to 28 U.S.C. § 1927 which provides:
>
>Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "The purpose of § 1927 is 'to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy.'" *Garner v. Cuyahoga Cnty. Juvenile Ct.*, 554 F.3d 624, 644 (6th Cir. 2009) (quoting *Red Carpet Studios, Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006)). A court may sanction an attorney under § 1927, even in the absence of any "conscious impropriety" or "bad faith." *Hall v. Liberty Life Assur. Co. of Boston*, 595 F.3d 270, 275-76 (6th Cir. 2010).

>However, there must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.

*Rentz*, 556 F.3d at 396 (internal quotations omitted). "Section 1927 sanctions 'require a showing of something less than subjective bad faith, but something more than negligence or incompetence.'" *Jordan v. City of Detroit*, 595 F. App'x 486, 488 (6th Cir. 2014) (quoting *Red Carpet Studios*, 465 F.3d at 646). "'Thus, an attorney is sanctionable when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings.'" *Id.* (quoting *Red Carpet Studios*, 465 F.3d at 646).

The imposition of sanctions under either Rule 11 or § 1927 is discretionary. *See Hall*,

595 F.3d at 275 (noting that a decision to grant or deny sanctions under § 1927 or Rule 11 is reviewed under the abuse-of-discretion standard); Fed. R. Civ. P. 11(c)(1) (stating that the court "may impose" sanctions if it determines that Rule 11(b) has been violated); 28 U.S.C. § 1927 (stating that an attorney "may be" required to satisfy costs and fees).

      Although Defendant was granted summary judgment on all of Plaintiff's claims, sanctions are not appropriate merely because Plaintiff pursued claims which were ultimately unsuccessful. *See Milner v. Biggs*, 566 F. App'x 410, 414 (6th Cir. 2014). Here, the Court's concern is not that Plaintiff's claims were ultimately unsuccessful, but that Plaintiff's counsel used a shot-gun approach in the complaint and failed to review the viability of the claims after the close of discovery. Even if, prior to discovery, counsel had a reasonable belief that all of Plaintiff's various claims had evidentiary support, counsel's failure to re-evaluate and pare down those claims after the close of discovery and after receiving notice from Defendant of the deficiencies of her claims, suggests that counsel failed in his continuing duty to assess the legal and factual support for Plaintiff's claims. This failure caused expense to Defendant who was forced to seek summary judgment on all nine claims. The Court is not convinced that Plaintiff's counsel acted in bad faith, or that he acted for an improper purpose such as harassment or dely. Nevertheless, counsel's failure to defend eight of the nine claims in response to Defendant's motion for summary judgment is strong evidence that he did not have a reasonable belief that the claims were warranted by the law or that they had evidentiary support.

5

Giving Plaintiff every benefit of the doubt, Plaintiff had an arguable basis for proceeding on her FMLA and disability claims. However, the same cannot be said with respect to Plaintiff's age and gender claims. Even under a most generous view of the pleadings, there are no factual allegations in the complaint with respect to Plaintiff's age and gender claims. Plaintiff's age and gender claims also lacked any arguable evidentiary support. Counsel's failures are particularly egregious with respect to the age and gender claims. Plaintiff's counsel's failure to withdraw the age and gender claims after the close of discovery fell far short of the obligations owed by a member of the bar to the court and are sanctionable under both Rule 11 and § 1927. *See Runfola & Associates, Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 374 (6th Cir. 1996) ("[T]he district court was clearly within the parameters of Rule 11 when it imposed sanctions for plaintiff's failure to dismiss a factually meritless action.").

In determining what sanctions to impose, the Court considers the purposes of Rule 11 and § 1927. "The purpose of Rule 11 sanctions is to deter rather than to compensate." Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments). Rule 11 sanctions must accordingly be "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). "The purpose of § 1927 is 'to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy.'" *Garner*, 554 F.3d at 644 (quoting *Red Carpet Studios*, 465 F.3d at 646). As a general rule, in determining an appropriate sanction

6

the court should consider the nature of the violation committed, the circumstances in which it was committed, the circumstances (including the financial state) of the individual to be sanctioned, and those sanctioning measures that would suffice to deter that individual from similar violations in the future. The court should also consider the circumstances of the party or parties who may have been adversely affected by the violation.

*Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 420 (6th Cir. 1992).

In its brief on summary judgment, Defendant argued that all of Plaintiff's discrimination and retaliation claims were deficient because Plaintiff failed to show an adverse employment action, because she failed to establish a prima facie case, and because she did not rebut Defendant's legitimate non-discriminatory reason for her termination. Defendant did not independently analyze Plaintiff's age and gender claims. Because Plaintiff's age and gender claims suffered from a complete lack of evidence, it does not appear that Defendant was required to devote a significant amount of time to independently analyzing or briefing these claims. The Court is satisfied that a small monetary sanction would be sufficient to remind Plaintiff's counsel of his continuing responsibility to review and reevaluate his pleadings, and to deter counsel from failing to withdraw claims when it becomes apparent that they are patently frivolous. Accordingly, the Court will enter an order sanctioning Plaintiff's counsel in the amount of $2,000. Plaintiff's counsel shall pay this amount to Defendant within thirty days of this order.

An order consistent with this opinion will be entered.

Dated: August 20, 2015					/s/ Robert Holmes Bell
							ROBERT HOLMES BELL
							UNITED STATES DISTRICT JUDGE